STATE OF NEBRASKA EX REL. COUNSEL FOR DISCIPLINE OF THE NEBRASKA SUPREME COURT, RELATOR, V. MICHAEL L. CRUISE, RESPONDENT.

658 N.W.2d 300

Filed March 28, 2003.   No. S-02-1093.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

PER CURIAM.

## INTRODUCTION

Respondent, Michael L. Cruise, was admitted to the practice of law in the State of Nebraska on April 18, 1988. On September 25, 2002, formal charges were filed against respondent. On December 5, amended formal charges were filed. Respondent's alleged misconduct involved, inter alia, engaging in conduct that was prejudicial to the administration of justice, neglecting legal matters entrusted to him, and failing to preserve the identity of funds or property belonging to a client.

## FACTS

On February 7, 2003, respondent filed with this court a voluntary surrender of license, voluntarily surrendering his license to practice law in the State of Nebraska. In his voluntary surrender of license, respondent states that he "knowingly" did not challenge or contest the truth of the allegations that he engaged in conduct that violated Canon 1, DR 1-102(A)(1) and (5); Canon 6, DR 6-101(A)(3); Canon 9, DR 9-102(A)(1) and (2); and DR 9-102(B)(1) through (4), of the Code of Professional Responsibility, as well as his oath of office as an attorney. In addition to surrendering his license, respondent voluntarily consented to the entry of an order of disbarment and waived his right to notice, appearance, and hearing prior to the entry of the order of disbarment. In surrendering his license, respondent knowingly does not challenge or contest the following allegations in the amended formal charges: that he failed to deposit clients' funds and advanced fee payments into his attorney trust account; that he neglected three separate clients' child support cases, by failing to file pleadings and failing to respond to discovery requests in a timely manner; that he neglected his duties as a court-appointed guardian and conservator, including failing to file an accounting for conservatorship funds in a timely manner; that he neglected a client's personal injury case, including failing to file pleadings; that he was out of trust with respect to his attorney trust account, including maintaining a negative balance for a period of several months; and that he neglected a client's federal court appeal, including failing to file a brief on appeal.

## ANALYSIS

Neb. Ct. R. of Discipline 15 (rev. 2001) provides in pertinent part:

> (A) Once a Grievance, a Complaint, or a Formal Charge has been filed, suggested, or indicated against a member, the member may voluntarily surrender his or her license.
>
> (1) The voluntary surrender of license shall state in writing that the member knowingly admits or knowingly does not challenge or contest the truth of the suggested or indicated Grievance, Complaint, or Formal Charge and waives all proceedings against him or her in connection therewith.

Pursuant to rule 15, we find that respondent has voluntarily surrendered his license to practice law, admitted in writing that he knowingly does not challenge or contest the truth of the amended formal charges, and waived all proceedings against him in connection therewith. We further find that respondent has not challenged or contested the truth of the allegations that he engaged in conduct that violated DR 1-102(A)(1) and (5), DR 6-101(A)(3), DR 9-102(A)(1) and (2), DR 9-102(B)(1) through (4), and the attorney oath of office and that respondent has consented to the entry of an order of disbarment.

## CONCLUSION
Upon due consideration of the pleadings in this matter, the court finds that respondent knowingly did not challenge or contest the truth of the allegations that he engaged in conduct that violated DR 1-102(A)(1) and (5), DR 6-101(A)(3), DR 9-102(A)(1) and (2), and DR 9-102(B)(1) through (4) and that his waiver was knowingly made. The court accepts respondent's surrender of his license to practice law, finds that respondent should be disbarred, and hereby orders him disbarred from the practice of law in the State of Nebraska, effective immediately. Respondent shall forthwith comply with Neb. Ct. R. of Discipline 16 (rev. 2001), and upon failure to do so, he shall be subject to punishment for contempt of this court. Costs to be taxed against respondent.

JUDGMENT OF DISBARMENT.